HULAN *v.* SHANNON.

SPECIFIC PERFORMANCE—ORAL AGREEMENT—EQUITY — ENJOINING
ACTION AT LAW.

Under a bill of complaint for specific performance, averring
and supported by proof that complainant entered into an
oral agreement to care for her father and live with him, in
consideration that he transfer to her at his death the prem-
ises on which the parties resided; that he conveyed the prem-
ises to the other defendants, in breach of said contract,
which was known to them; that they commenced summary
proceedings against complainant to recover possession of the
property and obtained a judgment of ouster; that complain-
ant was precluded from setting up her equitable defense in
the action at law; praying that an injunction issue restrain-
ing the enforcement of the judgment, and for general relief,
the court should not dismiss the suit at the close of com-
plainant's testimony which was *prima facie* sufficient to
entitle her to some form of relief; and the cause, on appeal,
should be remanded to permit the defendants to present their
proofs.

Appeal from Wayne; Murfin, J. Submitted October
10, 1910. (Docket No. 30.) Decided November 11,
1910.

Bill by Anna S. Hulan against William H. Shannon,
Matilda Shannon, and John Hulan for the specific en-
forcement of an oral agreement to convey land to com-
plainant. From a decree dismissing the bill entered with-
out requiring defendants to introduce evidence to sustain
their defense, complainant appeals. Reversed, and re-
manded for further proofs.

*E. A. Fink*, for appellant.

*Robert M. Brownson* and *Denton Guinness*, for ap-
pellees.

BLAIR, J. This is an appeal from a decree and pro-

ceedings in the circuit court for the county of Wayne, in chancery. Complainant, in her bill of complaint, among other things, alleges that, together with her father, one of the defendants, she was in possession of the premises described in said bill of complaint, under and by virtue, and in part performance, of a parol agreement made with her father, whereby she should keep house for her father upon the said premises as long as he should live, and, as compensation for such service, should have the premises as her own at the death of her father, he being an old man upwards of 81 years of age; that under said agreement and in reliance thereon, she had also made certain improvements upon said premises; that, after she had lived with her father for several years under said agreement, and made such improvements, William H. Shannon and Matilda Shannon, his wife, the other defendants in said bill of complaint, with full knowledge of such agreement and the conditions of complainant's occupancy of said premises, induced her father to convey the said premises to them, and at once, upon procuring such conveyance, commenced summary proceedings against her and eventually obtained a judgment for possession of the said premises against her; that said judgment was on direction of the court, because she, in that form of action, was precluded from interposing as a defense thereto her equitable rights and interest in said premises and her right of possession thereof under said parol agreement; that such action of the said defendants was in fraud of her rights; that said judgment was, and is, wholly unjust and inequitable, and if permitted to stand would result in irreparable loss and injury to her, and would deprive her of her rights and interest in said premises without remuneration or compensation therefor. The said bill, among other things, prays that said judgment at law may be vacated and set aside and held for naught; that said deed of conveyance from her father to the said Shannons may also be vacated and set aside and decreed to be null and void; that a temporary injunction might issue restraining

the defendants from taking out a writ of possession under said judgment and from taking any steps whatever in disturbing the complainant in her possession of said premises; that said injunction upon the hearing be made perpetual; and that complainant's interests and rights of possession of the said premises under her said agreement be made secure and permanent to her, and concluding with a prayer for general relief.

A motion to impanel a jury to try the issues of fact having been granted, the cause accordingly proceeded to hearing before the court and a jury. At the conclusion of complainant's testimony, and when she had rested her case, the trial judge, of his own motion, announced that, in his opinion, the complainant had not made out a case to entitle her to relief, and thereupon he discharged the said jury from further consideration of said case and ordered that a decree dismissing the bill of complaint and dissolving the injunction be taken.

We are of the opinion that, upon this record, as it now stands, the complainant made a case entitling her to some kind of relief. We do not think, however, that we ought to determine the case without affording an opportunity to defendants to present their proofs. The decree will, therefore, be vacated, and the record remanded for further proofs, with the usual solictor's fee and court costs of the appeal to complainant; other costs to abide the final result.

BIRD, C. J., and OSTRANDER, BROOKE and STONE, JJ., concurred.